UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re JAMES S. DICKEY,                                  ) | |
|        Appellant/Debtor,                  ) | Civ. Act. No. 16-10649-TSH |
|                               v.                            ) | Bankruptcy Chapter 11 |
| William K. Harrington, Trustee,            ) | Case No. 16-40283-CJP |
|            Appellee.                               ) | |

### AMENDED[1] ORDER ON APPEAL FROM BANKRUPTCY COURT
November 4, 2016

**HILLMAN, D.J.**

### Background

This is an appeal from a final order of the United States Bankruptcy Court for the District of Massachusetts by debtor, James S. Dickey ("Dickey"). On November 5, 2015, Dickey filed for relief under chapter 13 of 11 U.S.C. § 101, *et seq.* (the "Bankruptcy Code")("Chapter 13 case"). That case was dismissed on December 23, 2016, without opposition from Dickey, as the result of his failure to provide evidence of insurance on property located at 497 East Fourth Street, South Boston, Massachusetts ("Property"); the Property was listed on his Schedule A. On February 25, 2016, Dickey filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code ("Chapter 11 case"). On February 29, 2016, the United States Trustee ("Trustee") filed a motion seeking dismissal of the Chapter 11 case pursuant to 28 U.S.C. §586(a)(3)(G) and 11 U.S.C. § 1112 on the grounds that Dickey had failed to provide proof of

---

[1] The opinion is amended to reflect that this case is brought under Chapter 11 of the Bankruptcy Code and the Trustee is William K. Harrington.

appropriate insurance coverage with respect to his listed property (including, the Property).  In opposition to the motion to dismiss, Dickey asserted that he does not own the Property, rather it is owned by East Fourth Street, LLC ("LLC").   Dickey was ordered by the bankruptcy court to provide evidence of insurance to the Trustee by the close of business on March 8, 2016.  On March 7, 2016, Dickey filed a notice of appeal of the bankruptcy court's order and a motion to stay the bankruptcy court's order pending appeal to this Court.  The motion to stay was denied by the bankruptcy court, and Dickey's interlocutory appeal of the bankruptcy court's order requiring him to provide proof of insurance was dismissed by this Court on June 23, 2016. *See In re James S. Dickey*, Civ. Act. 16-10473-TSH.

On March 16, 2016, the bankruptcy court issued an order dismissing the Chapter 11 case after finding that: (1) based on Dickey's Schedules and Statement of Financial Affairs ("SOFA"), he holds a one hundred percent (100%) membership interest in LLC and he controls LLC; (2) he transferred the Property into LLC on November 5, 2015, the date he filed his Chapter 13 case; (2) the Property was not insured for personal injury, fire or other loss (other than "forced place" insurance that would cover only the amount of the first mortgage); (3) Dickey had an application for insurance pending, but had not yet provided the Trustee with proof of insurance; (4) while the Property may not directly constitute property of the bankruptcy estate, given the nature of the LLC and Dickey's claimed one hundred percent (100%) interest, the estate has a significant interest in the Property; (5) Dickey failed to demonstrate that there are unusual circumstances to establish that dismissal of the Chapter 11 case is not in the best interest of creditors and the estate, (6) Dickey failed to establish that there is reasonable likelihood that a plan could be confirmed or that failure to obtain insurance covering the Property was reasonably

justified; (7) there appears to be no impediment to Dickey obtaining insurance for the Property; and (8) dismissal is in the best interest of the bankruptcy estate and its creditors.

On March 29, 2016, Dickey filed a notice of appeal from the bankruptcy court's dismissal of his Chapter 11 case; he did not file a motion to extend the stay pending disposition of the appeal.[2] Dickey filed a brief in support of his appeal. The Trustee filed a motion to strike the brief and appendix for failure to comply with Fed.R.Bank.P. 8013, 8014 and 8018 and Local Rules 203.8001, 203.8013 and 2013.8018  The Court denied the motion to strike, but advised Dickey that his brief was deficient. The Court gave Dickey an opportunity to "file a superseding brief which complies with the Courts rules, including, without limitation, proper formatting, citation to legal authority and the record and inclusion of all relevant transcripts and records from the bankruptcy proceedings." *See* Docket Entry No. 12. Dickey was warned that if he failed to file a superseding brief, this matter would go forward based on his current brief and he will have waived any legal issues not properly presented (which could potentially result in dismissal of his appeal) *Id.*  Dickey opted not to file a superseding brief.

---

[2] The holder of the first mortgage on the Property had scheduled a foreclosure sale for February 26, 2016, which was postponed when Dickey filed his Chapter 11 case on February 25, 2016.  Given that Dickey did not seek an extension of the stay pending this appeal, on May 4, 2016, the first mortgagee foreclosed on the Property. Neither party has argued that the sale of the Property moots Dickey's appeal of the dismissal of his Chapter 11 case.  I assume this is because if the dismissal were vacated, there would be still be limited assets left to administer. *See In re Sasso,* 409 B.R. 251, 254 (B.A.P. 1st Cir. 2009)(appeal is moot for equitable reasons where appellant's failure to request stay allowed events to develop in reliance on bankruptcy court order to such degree that meaningful appellate relief has become impracticable or impossible).   I will further note that even if I had found that the bankruptcy court had erred in dismissing the Chapter 11 case, because the automatic stay had been lifted at the time, the foreclosure sale could not be voided. *See Lomagno v. Salomon Bors. Realty Corp. (In re Lomagno)*, 320 B.R. 473 (1st Cir. BAP 2005)(once bankruptcy case is dismissed, automatic stay is lifted; if dismissal is vacated, the reinstatement of automatic stay is not retroactive and therefore, actions taken while the stay was lifted are valid).

**Standard of Review**

When considering an appeal of the bankruptcy court's dismissal of a case under 11 U.S.C. § 1112(b), this Court "review[s] the bankruptcy court's findings of fact for clear error and conclusions of law *de novo.* " *In re Colon Martinez*, 472 B.R. 137, 143 (B.A.P. 1st Cir. 2012). "The bankruptcy court, however, has 'broad discretion to determine whether either conversion or dismissal is in the best interests of creditors and the estate after finding cause.' Accordingly, the decision of the bankruptcy court on which relief to elect is reviewed for an abuse of discretion. 'A court abuses its discretion if it does not apply the correct law or if it rests its decision on a clearly erroneous finding of material fact.'" *In re Efron*, 529 B.R. 396, 405 (B.A.P. 1st Cir. 2015) (internal citation and citation to quoted case omitted).

**Discussion**

Dickey asserts that the bankruptcy court erred when it dismissed his Chapter 11 case for failure to obtain insurance. In support, he argues that the requirement that assets of the bankruptcy estate be insured is not obligatory, but is within the discretion of the bankruptcy judge. He further argues that 11 U.S.C. §1123(b)(4) does not require that the debtor provide proof of insurance of property that is outside the bankruptcy estate. Dickey does not cite to any legal authority or provide any cogent legal analysis in support of his arguments. For this reason alone, the Court finds that this appeal should be dismissed. Nonetheless, the Court will examine the merits of Dickey's appeal.

Except as otherwise provided under the statute, "on request of a party in interest, and after notice and a hearing, the court shall convert a case under [chapter 11] to a case under chapter 7 or dismiss a case …, whichever is in the best interests of creditors and the estate, for

cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate." 11 U.S.C. § 1112(b)(1).  For purposes of Section 1112, "cause" includes "failure to maintain appropriate insurance that poses a risk to the estate or to the public."  11 U.S.C. §1112(b)(4)(C). The bankruptcy court may not convert or dismiss a case if: (1) "it finds and specifically identifies unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors" *and* (2) it is established that there is a reasonable likelihood that a plan will be confirmed within a reasonable period of time and any *reasonably justified* acts or omissions of the debtor which constitute cause will be cured within a reasonable period of time. *Id.* (b)(2). To paraphrase, "when an interested party files a motion to convert or dismiss a Chapter 11 case, the bankruptcy court inquires as follows: Does 'cause' exist to convert or dismiss the case; and, if so, is conversion or dismissal in the best interests of creditors and the estate?"  *In re Hoover*, 828 F.3d 5, 8 (1st Cir. 2016)(citing 11 U.S.C. § 1112(b)(1)).

      The Property was listed on Dickey's SOFA in the Chapter 11 case; Dickey indicated that the Property was owned by LLC and he owned one hundred percent (100%) of LLC.  At the time he completed the SOFA, Dickey valued the Property at $1,000,000.[3] The bankruptcy court found that even if the Property was not a direct asset of the bankruptcy estate, Dickey's ownership of LLC was an estate asset.  The bankruptcy court further found that since the Property was LLC's only asset, failure to properly insure the Property could adversely affect the creditors of the bankruptcy estate.  This finding is not clearly erroneous.

---

[3] In 2012 the Property was placed in the hands of a state court receiver due to serious and longstanding violations of the Massachusetts sanitary code.

It is undisputed that LLC failed to maintain insurance on the Property. The holder of the first mortgage had force-placed hazard insurance on the property. However, such insurance did not cover personal injuries. Moreover, given Dickey's position that LLC had equity in the Property, the value of Dickey's indirect ownership on the Property would have been at risk in the event of a fire because the Property would be underinsured.[4] Thus, the record supports the bankruptcy court's finding that LLC did not maintain adequate insurance on the Property. Given that the Property was the only asset of LLC and that Dickey's ownership interest in LLC was the primary asset of the bankruptcy estate, I find that the failure to maintain appropriate insurance on the Property posed a risk to the bankruptcy estate or the public within the meaning of 11 U.S.C. §1112(b)(4)(C). It is also clear from the record that Dickey did not establish that: (1) unusual circumstances existed such that dismissal of the Chapter 11 case was not in the best interest of creditors and the estate; (2) there existed a reasonable likelihood a bankruptcy plan could be confirmed; or (3) failure to obtain the appropriate insurance was justified. The bankruptcy court also determined that dismissal of the Chapter 11 case was warranted given that neither party had argued that conversion was in the best interest of the creditors and the estate. On appeal, neither party has asserted that conversion was the better alternative and therefore, the argument is waived.

Under these circumstances, I do not find that the bankruptcy court erred in dismissing the Chapter 11 case. For that reason, I need not address the Trustee's further argument that this Court should affirm dismissal of the Chapter 11 case on the alternative ground that Dickey had

---

[4] Because the first mortgage holder insured the Property only up to the value of LLC's outstanding loan obligation.

not maintained insurance on *any* of his listed properties.[5] The judgment of the bankruptcy court is affirmed.

## Conclusion

The judgment of the Bankruptcy Court is ***affirmed***.

**SO ORDERED.**

                                                    */s/ **Timothy S. Hillman***
                                                    TIMOTHY S. HILLMAN
                                                    DISTRICT JUDGE

---

[5] The Trustee had raised this issue before the bankruptcy court, however, that court did not find it necessary to rule on this issue. As noted by the Trustee, this Court can affirm an any grounds supported by the record, even if not addressed by the bankruptcy court. *See In re Hoover*, 828 F.3d at 8.